UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TENTANDTABLE.COM, LLC, *et al.*,

    Plaintiffs,

v.

MOHAMMED ALJIBOURI, *et al.*,

    Defendants.

22-CV-78-LJV-MJR
DECISION & ORDER

---

On January 26, 2022, the plaintiffs—TentandTable.com, LLC ("Tent and Table"); and Zoom Blowers, LLC—commenced this action against Mohammed Aljibouri; Jason Chebat; Bouncyhop.com, LLC; Christopher Gerrid; Michael Grochala; Paul Michael; Dhiyaa Aljibouri; US Express Logistics, LLC; John Doe; and XXX, LLC. Docket Item 1. The thrust of the complaint is that before leaving his employment with Tent and Table, Mohammed Aljibouri allegedly stole products from the plaintiffs to start his own company, BouncyHop.com, LLC, and that Mohammed Aljibouri, with the help of the remaining defendants, allegedly continues to sell the plaintiffs' products and infringe on the plaintiffs' trademarks and trade dress. *See id.*

In February, the plaintiffs moved for a temporary restraining order and preliminary injunction, Docket Item 7, but a month later, they withdrew that motion, *see* Docket Items 23, 26, 27. The defendants then moved to dismiss all claims, Docket Item 28, and to stay discovery pending this Court's resolution of the motion to dismiss, Docket Item 40. On May 4, 2022, the plaintiffs responded to the motion to stay discovery, Docket Item 45, and a week later, the defendants replied, Docket Item 46. For the reasons that follow, the defendants' motion for a stay of discovery is granted.

## **LEGAL PRINCIPLES**

Under Federal Rule of Civil Procedure 26(c), a "court may stay discovery for 'good cause.'" *Elnenaey v. JP Morgan Chase Bank, N.A.*, 2021 WL 7908626, at *1 (E.D.N.Y. Oct. 7, 2021) (quoting Fed. R. Civ. P. 26(c)).  In evaluating whether there is good cause in a case with a pending dispositive motion, a court considers: "(1) the strength of the dispositive motion; (2) the breadth of the discovery sought; and (3) the prejudice a stay would have on the non-moving party." *Lithgow v. Edelman*, 247 F.R.D. 61, 62 (D. Conn. 2007).  The "strength of the dispositive motion," *id.*, depends on "whether the motion appears to show substantial grounds or does not appear to be without foundation in law," *Heinert v. Bank of Am., N.A.*, 2019 WL 1778145, at *1 (W.D.N.Y. Apr. 23, 2019).  But "[t]he pendency of a dispositive motion is not, in itself, an automatic ground for a stay."  *Mirra v. Jordan*, 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016) (quoting *Morien v. Munich Reinsurance Am. Inc.*, 270 F.R.D. 65, 66-67 (D. Conn. 2010)).  In the end, "[w]hether discovery should be stayed pending the outcome of a dispositive motion depends on the circumstances of each case."  *Computer Assocs. Int'l, Inc. v. Simple.com, Inc.*, 247 F.R.D. 63, 69 (E.D.N.Y. 2007).

## **DISCUSSION**

Having considered the parties' arguments and the above factors, this Court finds that the defendants have demonstrated good cause for a stay of discovery pending this Court's resolution of the motion to dismiss.  All defendants have moved to dismiss all fifteen claims in the complaint for their failure to state a claim.  Docket Item 28.   And while the resolution of that motion is for another day, a peak at the motion indicates that,

at the very least, it "may shape the number and nature of the claims going forward in a manner that could significantly impact the breadth of discovery." *See Buffalo Emergency Assocs., LLP v. Unitedhealth Grp., Inc.*, 2020 WL 3259252, at *1, (W.D.N.Y. June 16, 2020); *see also Heinert*, 2019 WL 1778145, at *1 (staying discovery pending a Rule 12(b)(6) motion that "raised sufficient issues as to the viability of plaintiffs' causes of action").

Moreover, a limited stay of discovery will not unfairly prejudice the plaintiffs. The plaintiffs have withdrawn their motion for a temporary restraining order and preliminary injunction, Docket Items 23, 26, 27, so money damages, not equitable relief, is what is at stake here. And absent other circumstances, a plaintiff usually is not unfairly prejudiced by a stay of discovery in such a case. *See Buffalo Emergency Assocs., LLP*, 2020 WL 3259252, at *1 (finding that plaintiffs were not unfairly prejudiced by a stay "particularly because money damages, not equitable relief, is at stake").

Finally, the cases denying motions to stay discovery cited by the plaintiffs involved circumstances very different from those here. In those cases, it was clear that discovery would continue without significant limitations and the case would progress regardless of the Court's ruling on the pending motions. *See Computer Assocs. Int'l, Inc*, 247 F.R.D. at 68-69 (denying motion to stay discovery on a single claim where discovery was in progress and motions for summary judgment were filed); *Hachette Distrib., Inc. v. Hudson Cnty. News Co.*, 136 F.R.D. 356, 358-59 (E.D.N.Y. 1991) (denying one defendant's motion to stay discovery where the other defendants did not seek a stay, had not filed dispositive motions, and were engaging in discovery); *Technograph, Inc. v. Texas Instruments Inc.*, 43 F.R.D. 416, 417 (S.D.N.Y. 1967)

(denying motion to stay discovery pending the resolution of a motion to transfer because, regardless of the motion to transfer, the case would continue). Not so here—all defendants have moved to dismiss all claims, and all have asked this Court to stay discovery.[1] This case therefore sits in much different circumstances than those cited by the plaintiffs. And for the reasons just stated, a stay is warranted here.

## CONCLUSION

For the reasons stated above, the defendants' motion to stay discovery pending resolution of the motion to dismiss, Docket Item 40, is GRANTED. Discovery in this action is STAYED pending resolution of the defendants' motion to dismiss.

SO ORDERED.

Dated: June 6, 2022
 Buffalo, New York

                                                   */s/ Lawrence J. Vilardo*
                                                   LAWRENCE J. VILARDO
                                                   UNITED STATES DISTRICT JUDGE

---

[1] On May 16, 2022, the plaintiffs responded to the motion to dismiss. Docket Item 47. Two days later, they moved to amend the complaint. Docket Item 48. On June 1, 2022, the defendants responded to that motion and argue that the proposed amendment does not rectify the alleged deficiencies of the complaint. Docket Item 50.